ELIZA A. CHESLEY, by her next friend, JOHN R. SELF, Respondent, *vs.* JOHN B. CHESLEY, *et al.*, Appellants.

1. *Husband and wife—Witnesses for each other—Agency.*—The husband is admissible as a witness in behalf of his wife concerning matters wherein he acted as her agent.

2. *Mortgages and deeds of trust—Sale of property en masse—When set aside.*—A trustee's sale of land *en masse*, under deed of trust will not be set aside, because the land was capable of easy division, unless the interests of the grantor were sacrificed by such sale.

*Appeal from Hannibal Court of Common Pleas.*

*James Carr*, for Appellants.

I. John B. Chesley was not competent to testify for the respondent, because he was her husband, and because his co-defendants did not consent to his testifying.

II. The sale can only be set aside on the ground of fraud or mistake. Neither of which is established by the evidence in this case. (Carter vs. Abshire, 48 Mo., 300 ; Taylor's Heirs vs. Elliott, 32 *Id.*, 172; Stine vs. Wilkson, 10 *Id.*, 75; Sto. Eq., § 244 *et seq.;* Meir vs. Zelle, 31 Mo., 331 ; Rector vs. Hartt, 8 *Id.*, 448 ; Hammond vs. Scott, 12 *Id.*, 8 ; 12 Mo., 9 ; Chouteau vs. Nuckholls, 20 *Id.*, 442.)

*Thomas H. Bacon*, for Respondent.

I. The property at time of sale being in actual sub-divisions, that is to say, in (adjoining) parcels distinct enough for separate sales, (Rowley vs. Brown, 1 Binney, 61,) and distinctly marked for separate and distinct enjoyment from the time of the mortgage to the time of the sale, (Woods vs. Monell, 1 John. Ch., 502,) the sale will, as a sale in gross, be set aside on mere grounds of public policy. (Jackson vs. Newton, 18 John., 355.) And moreover, the property being then susceptible of propable separate vendue, (Am. Ins. Co. vs. Oakley, 9 Paige, 259,) and for probably more than was realized, (Mohawk vs. Atwater, 2 Paige, 54,) and there being at the very sale an opportunity of actual separate vendue, (Sumrall vs. Chaffin, 48 Mo., 402; Slater vs. Maxwell, 6 Wall., 268,) the sale will also, as a sale in mass, be set aside because of the damage therefrom presumed. And moreover, there being at

the very sale in question an opportunity of actual separate vendue for more than was realized, (Carter vs. Abshire, 48 Mo., 300,) and not only for more, but for a great deal more than was realized (Chesley vs. Chesley, 49 Mo., 540), the sale will, *a fortiori*, as a lumping sale, be set aside because of actual and great damage proved.

SHERWOOD, Judge, delivered the opinion of the court.

This was a suit to set aside a sale made under a deed of trust, and to redeem the land sold thereunder.

During the progress of the trial of the cause, John B. Chesley was called as a witness, and, against the objections of his co-defendants on the ground that he was the husband of her for whose benefit the suit was brought, was permitted to testify, so that his testimony, which was expressly excluded by the court in determining the rights of the parties litigant, might be, if necessary, considered by this court, if held competent.

Except as modified by statute, husband and wife cannot ordinarily be witnesses for or against each other. However, even at common law, the wife might testify in her husband's behalf when employed as his agent in any given transaction. And by parity of reasoning, the husband would not be incompetent as a witness in behalf of his wife, when acting for her in a similar capacity. And this was just the relation, which the witness objected to, bore to his wife, as he was her trustee, created such in order to defend and subserve her interests by the very instrument which vested in her the equitable title to the property in controversy. It was thus the duty of the husband to guard the interests of his wife, to act as her agent, and all the usual consequences, which flow from agency in other cases, would attend the agency in question, and render the husband a competent witness. So whether his testimony did, or did not, influence the court in arriving at the determination to which it came, is entirely immaterial. Besides the testimony of the husband may be altogether disregarded, and still there is ample evidence to sustain the finding of the court below.

When this cause was here before, Judge Wagner, in delivering the opinion of the court, remarked:

"The evidence establishes most conclusively, that the property was easily susceptible of division, and that it would have sold for a great deal more, had it been divided and set up in three several parcels. The houses were several feet apart, and the lot ran back a good distance."

And a careful re-examination of the testimony has not induced the slightest change in the conclusion then reached. Had this sale been attacked solely upon the ground that it was a sale in gross, it should not have been set aside. This was the ruling in Benkendorf vs. Vincenz, 52 Mo., 441.

But in the present case, injurious results attended a sale *en masse*, the interests of the debtor were evidently sacrificed, and sacrificed needlessly, and this was sufficient to warrant equitable interposition.

Judgment affirmed. Judges Vories and Napton concur. Judges Wagner and Adams absent.