WHEELER & WILSON MANUFACTURING COMPANY, *Plaintiff in Error*, v. TINSLEY.

1    **Pleading** : NEW MATTER. In an action on a bond given by an agent for the faithful performance of his duties the petition alleged,. as breaches of the bond, that the agent had failed to account truly as to the subject matter of his agency. At the trial evidence was. offered by defendants tending to show that a full adjustment of all matters relating to the agency had been had and the agent had paid a portion of the balance found against him in money and had given his note for the remainder. *Held*, that this evidence tended to show that there had been no breach ; that the facts, therefore, did not constitute new matter within the meaning of the code, and so might be given in evidence without being specially pleaded.

2.    **Wife as a Witness for her Husband.** In order to render a married woman competent as a witness, under the statute, when her husband is a party, it must appear that the matter to which she is called to testify, was a business transaction which was had and conducted by her as the agent of her husband. The fact of her agency must be shown by some witness other than herself.

*Error to Pike Circuit Court.*—HON. G. PORTER, Judge.

REVERSED.

*Elijah Robinson* for plaintiff in error.

*E. T. Smith* for defendant in error.

HOUGH, J.—This is a suit on the bond of one Tiffany, an agent of the plaintiff, given for the faithful performance of his duties as such agent, according to the terms of a written contract entered into between him and the plaintiff. The petition alleged as a breach of said bond the failure of the agent to account for sundry items of indebtedness to the plaintiff, incurred by him under his contract as agent and for sundry machines received by him as such agent. The defense was a general denial. Evidence was given on behalf of the defendants tending to show that a full adjustment of all matters relating to the agency of Tiffany,

covered by the bond sued on, was had between Tiffany and the plaintiff, and in settlement thereof, Tiffany paid the sum of $40, and executed his note for the balance. This testimony was objected to, on the ground that no such defense had been specially pleaded, and the testimony was inadmissible under a general denial.

We think the testimony was admissible. The breach alleged was that the agent had failed to account for the property received by him, and had failed to pay all liabilities incurred by him as agent, according to the terms of his bond. The testimony relating to the settlement tended to show that there had been no breach, as alleged. We do not think these facts constituted new matter, within the meaning of the code.

1. PLEADING: new matter.

Error is also assigned upon the action of the court in permitting Mrs. Tiffany, the wife of the agent, to testify in the cause. Mrs. Tiffany was not a competent witness to prove her own agency. *Williams v. Williams*, 67 Mo. 661. The only testimony other than her own, which tended to show any agency on her part, was that of her sister, who testified that whenever her husband was absent she acted as his agent. In order to render a married woman competent as a witness, under the statute, when her husband is a party, it must appear that the matter to which she is called to testify, was a business transaction which was had and conducted by her as the agent of her husband. There was not a scintilla of testimony that she ever did anything as the agent of her husband in relation to the settlement. There was no testimony indeed, other than her own, showing a single business transaction which she ever conducted in his absence. Her competency depends solely upon the fact that the matter about which she is called to testify was conducted by her as agent, and this fact must appear before she can be permitted to take the stand. As the competency of Mrs. Tiffany as a witness under section 4014 of the Revised

2. WIFE AS A WITNESS FOR HER HUSBAND.

Statutes, was not sufficiently shown, she was improperly permitted to testify. The judgment will; therefore, be reversed and the cause remanded. The other judges concur.