James H. Ogelbay *et al.*, Respondents, v. Kansas City College of Dental Surgery, Appellant.

Kansas City Court of Appeals, May 17, 1897.

Appellate Practice: EXCEPTIONS: EVIDENCE: INSTRUCTIONS: ABSTRACT: STATEMENT. The appellate court will not review the action of the trial court in admitting evidence where there are no exceptions saved nor consider the evidence to determine whether it supports the verdict when only the substance of the testimony is set out; nor will it review instructions which appear only in the appellant's statement and not in his abstract.

*Appeal from the Jackson Circuit Court.*—Hon. Jas. Gibson, Special Judge.

Affirmed.

*E. J. McWain*, for appellant, presented brief on merits.

*F. C. Farr* for respondents.

(1) Since the only contention of appellant regarding the evidence is that the finding of the court, sitting as a jury, was against the weight of evidence, the judgment, being confessedly for the right party, will not be disturbed for that reason. It is not contended that the trial court rendered a judgment without any evidence, and as he heard the witnesses testify and determined their credibility and the weight to be given to their testimony, this court, following its own unbroken rulings, will not stop to investigate the question as to whether the trier of facts was mistaken in his judgment as to the proper amount of weight and credence to be given to the testimony of the respective witnesses. (2) The judgment is for the right party, and ought not to be disturbed.

ELLISON, J.—This action was instituted before a justice of the peace and was appealed to the circuit court where plaintiffs had judgment for the rent of the premises in controversy. Defendant appeals.

We are not enabled to state with precision the character of the action and only know of it from the character of the judgment rendered below. This results from the fact that the statement or complaint by plaintiff has not been set forth in the abstract. This fact disposes of a part of defendant's contentions here. Objection is likewise made to the court's rulings on evidence, but no exception or even objection seems to have been taken to the action of the court in this respect. At least none is shown in the abstract. It is true that the statement contains a reference to evidence having been admitted and that it was excepted to. But the abstract destroys this state-

APPELLATE practice: exceptions: evidence: instructions: abstract: statement.

ment, since in the evidence there does not appear an objection or exception. So complaint is made that the court's finding is not supported by the evidence. This point need not be examined, since defendant has not set forth the evidence, having only set out what is said to be the substance of the testimony. When we are asked to review the evidence it should be set out in full, as we have repeatedly ruled. We will add, however, that the evidence as set out would seem to justify the court in submitting it for a finding on the facts. Complaint is made also as to instructions refused for defendant. There are no instructions preserved in the abstract. Defendant seems to have set out some in the statement of the case, said to have been refused. The rule in reference to a separate statement and abstract seems not to have been heeded. We are satisfied from the record presented that we would not be justified in disturbing the judgment and it is accordingly affirmed. All concur.