REED, Administrator, v. PECK, GUITAR and WATSON, Appellants.

| 163 | 333 |
|-----|-----|
| 168 | ¹855 |
| 92a | ²618 |
| 163 | 333 |
| 171 | ⁴399 |

Division Two, June 11, 1901.

1. **Appellate Practice:** EVIDENCE: INSUFFICIENCY. The appellate court will not consider the point that the evidence is insufficient to sustain the verdict rendered where such evidence is not fully set out in the record.

2. **Grading Street:** TRESPASS: OFFICERS AS TRESPASSERS AND ABETTORS. A street in front of plaintiff's property was graded by the street commissioner without any ordinance authorizing it to be done, but in pursuance to a simple resolution. *Held,* that the grading was a trespass, and the resolution void and afforded no protection to those who did the grading. And where the evidence is not fully set out in the abstract, the appellate court will not interfere with the verdict of the jury finding that the mayor and certain aldermen, as joint tortfeasors, were present aiding and abetting such trespass.

3. ———: ———: JOINT TORTFEASORS: EVIDENCE. Where the evidence does not disclose that there was any agreement or understanding between the street commissioner and the mayor and aldermen by which the grading of the street, without authority of an ordinance, was to be done, testimony that the street commissioner said he was getting his orders to do the work from the city council, is hearsay and inadmissible. But if it is clearly shown that the street

commissioner performed the work·in pursuance to a void resolution of the council, the admission of such evidence will be held to be non-prejudicial in case a verdict is rendered against the mayor and aldermen for trespass.

4. **Wife's Agency:** COMPETENT EVIDENCE. A wife is a competent witness to prove that she was the agent of her deceased husband in the management of his property alleged to have been damaged by the grading of a street. (Overruling Basye v. Railroad, 65 Mo. App. 476.)

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*E. W. Hinton* and *Webster Gordon* for appellants.

(1) There was no evidence to support the verdict against the defendants Guitar, Watson and Peck, or either of them, and the court should have directed a verdict in their favor. (2) The court erred in permitting the witnesses, Mrs. Rives and Miss Irene Rives, over defendant's objection, to testify that· Coffey told them he was getting his orders about the work from the city council. This was pure hearsay, and decidedly prejudicial, since the jury may have gotten the idea that the members had personally been giving orders about the matter. Wood v. Hicks, 36 Mo. 326; O'Neil v. Crain, 67 Mo. 250; Goltz v. Griswold, 113 Mo. 144. (3) The court erred in permitting the plaintiff's wife to qualify herself as a witness by proving her own agency. Basye v. Railroad, 65 Mo. App. 476; Williams v. Williams, 67 Mo. 661; Wheeler & Wilson v. Tinsley, 75 Mo. 458; Scrutchfield v. Sauter, 119 Mo. 625. (4) The court erred in permitting the defendant's wife to testify generally as to the merits of the case, instead of confining her testimony to such matters of business as she may have transacted as his agent. Flannery v. Railroad,

44 Mo. App. 396; Haerle v. Kreihn, 65 Mo. 202; Wheeler & Wilson v. Tinsley, 75 Mo. 459; White v. Chaney, 20 Mo. App. 394; Curry v. Stephens, 84 Mo. 442; Hardy v. Matthews, 42 Mo. 406.

*Ev. M. Bass, Wellington Gordon* and *W. M. Williams* for respondent.

It being admitted that Columbia is a city of the third class, she must act in all respects within her charter powers, without which her officers and agents become trespassers. City of Nevada to use v. Eddy, 123 Mo. 557; Berkson v. Railroad, 144 Mo. 216; Rives v. City of Columbia, 80 Mo. App. 176. To constitute a valid ratification the same formal records and methods and ordinances must be had and passed as is required in the first instance. This view is upheld by appellants' citation. Crutchfield v. City of Warrensburg, 30 Mo. App. 463; Kolkmeyer & Co. v. City of Jefferson, 75 Mo. App. 678; Wheeler v. City of Poplar Bluff, 149 Mo. 43. Counsel admit that all the evidence is not set out *in haec verba* in appellants' abstract, and with respondent's additions thereto, it is far short of being all the testimony substantially, upon controverted points, and this court can not be now called upon to reverse upon the weight of testimony, or to declare the want of sufficient evidence upon which to submit controverted questions to the jury or to sustain their verdict. Davis v. Vories, 141 Mo. 242; Knowles v. Bullene & Co., 71 Mo. App. 341. That the wife is a competent witness to prove her own agency for her husband, there can be no doubt. The St. Louis Court of Appeals so held, in Brick Works v. Thompson, 59 Mo. App. 101. And both divisions of this court recently. Long v. Martin, 152 Mo. 674; Smith v. Wilson, 160 Mo. 656.

BURGESS, J.—This action was instituted by George R. Jacobs against the city of Columbia, and others, including the appellants, Peck, Guitar and Watson, to recover damages for the grading and graveling of Hitt street in said city along by Jacobs's property. The trial resulted in a verdict and judgment against the appellants in favor of plaintiff in the sum of $225, and in favor of the other defendants.

The defendants against whom the judgment was rendered then appealed the case to the Kansas City Court of Appeals, where the judgment was affirmed.

Thereafter, the cause was transferred by that court to the Supreme Court on account of one of the judges of that court deeming the decision in conflict with the case of Basye v. Kansas City, Pittsburg & Gulf Railway Company, 65 Mo. App. 468. Since the case has been pending in this court the original plaintiff, Jacobs, has died, and the cause has been regularly revived in the name of his administrator, James H. Reed.

Although defendant Guitar was mayor, and defendants Peck and Watson members of the committee on streets of the city of Columbia at the time of the commission of the grievances complained of, they are not sued in their official capacity, but they and all the defendants are sued as joint tortfeasors, and they now make the point that there was no evidence to warrant the verdict and judgment against them. Notwithstanding this point is made, appellants virtually concede that all of the evidence is not embraced in the abstract, the evidence of several of the witnesses being left out entirely, while as to others only a brief synopsis or summary of what is called by defendants the substance of such testimony. As was said in the case of Epstein v. Clothing Company, 67 Mo. App. 221: "It will not do to allow appellants's counsel to cull over the record and present such evidence as they may think pertinent or

material; the *entire evidence* must be set out, so that this court may, for itself, determine its materiality and probative force." So in Davis v. Vories, 141 Mo. 234, it was held that the Supreme Court will not pass upon the insufficiency of the evidence where it is not fully set out in the record. The same rule is announced in Ogelbay v. Kansas City College of Dental Surgery, 71 Mo. App. 339.

But, as was said by the Court of Appeals: "Even on the face of the testimony, as shown by this imperfect abstract, we are not prepared to declare that there was no evidence to justify the verdict. The grading of this street in front of plaintiff's residence was unquestionably done without lawful authority, was a trespass; there was no ordinance providing for such grading. And while the work was actively performed by the street commissioner, there was, it seems, evidence tending to prove that Mayor Guitar and street committeemen Peck and Watson were present from time to time superintending and encouraging the work. In McMannus v. Lee, 43 Mo. 206, Judge WAGNER, speaking for the court, says: "That any person who is present at the commission of a trespass, encouraging or exciting the same by words, gestures, etc., . . . . or who in any way or by any means countenances or approves the same, is in law deemed to be an aider and abettor, and liable as a principal; and proof that a person is present at the commission of a trespass, without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same."

See also Leeser v. Boekhoff, 33 Mo. App. 223, and cases cited.

Mrs. Rives and Miss Irene Rives, witnesses for plaintiff,

Vol 163 mo—22

were permitted to testify over the objection of defendants that Coffee, the street commissioner, told them that he was getting his orders about the work from the city council, and in this ruling it is insisted that error was committed. It is argued that this testimony was pure hearsay, and prejudicial, since the jury may have gotten therefrom the idea that the members had personally been giving orders about the matter. While we are of the opinion that the facts disclosed by the evidence do not justify the conclusion that there was an understanding or agreement between the street commissioner and the appellants, by which the grievances complained of were to be committed, and therefore the testimony mere hearsay and inadmissible, we are unable to see in what way it was prejudicial to defendants, for it is clear that the street commissioner did perform the work in pursuance of a resolution passed by the city council. But as the council had no authority to authorize the grading in front of plaintiff's residence otherwise than by ordinance, the resolution passed directing it was without authority, void, and afforded no protection to those who did the grading.

Another assignment of error is the action of the trial court in permitting plaintiff's wife, Mrs. Jacobs, to testify over the objection of defendants that she was her husband's agent as to the management of the property alleged to have been damaged, thus qualifying herself to testify as a witness in behalf of her husband with respect thereto. The position is that such agency can only be proven by other evidence, and that the wife was not a competent witness to prove such an agency.

At common law, as a general rule, a wife was not competent to testify as a witness in behalf of her husband in a civil action where he was a party, but by section 8922, Revised Statutes 1889, the common law rule was changed, and by that section she is made competent to testify for and in behalf of her husband, "in all matters of business transactions when

the transaction was had and conducted by such married woman as the agent of her husband; and no married man shall be disqualified as a witness in any such civil suit or proceeding prosecuted in the name of or against his wife, whether he be joined with her or not as a party, when such suit or proceeding is based upon, grows out of, or is connected with any matter of business or business transaction where the transaction or business was had with or was conducted by such married man as the agent of his wife. *Provided,* that nothing in this section shall be construed to authorize or permit any married woman, while the relation exists, or subsequently, to testify to any *admission* or *conversation* of her husband, whether made to herself or to third parties."

In the case of Williams v. Williams, 67 Mo. 661, the wife was not a party to the suit and was permitted to testify upon the trial of the cause to prove her own agency for her husband, and it was ruled that in order to make the testimony of a married woman admissible in a suit to which her husband is a party, on the ground that she acted as his agent in the transaction to which it relates, the fact of her agency must be shown by some competent witness, and she is not a competent witness for that purpose.

In the case of Wheeler & Wilson Manufacturing Company v. Tinsley, 75 Mo. 458, the wife was not a party to the record and was permitted to testify to her own agency, which was held to be erroneous, and that such agency must be shown by some witness other than herself.

Basye v. Railroad Company, 65 Mo. App. 476, was a suit by the wife against the railroad company for killing her stock, and it was held, that, when a husband is not a substantial party to an action by his wife, he is not a competent witness to establish his agency for her in order that he may testify to matters relating to the agency.

Scrutchfield v. Sauter, 119 Mo. 615, was a suit in equity by the plaintiff, a married woman, to enjoin the defendant sheriff from selling land of which she claimed to be the owner, and it was held that as she was the real party in interest, she was competent to prove by her own evidence that she was the agent of her husband, with respect to transactions involved in the litigation.

But in the case of Leete v. The State Bank of St. Louis, 115 Mo. 184, the wife was plaintiff and her husband James M. Leete and others were defendants. Her husband was her agent with respect to some of the matters out of which the litigation grew, and it was held that under the Revised Statutes 1889, section 8922, he was a competent witness to prove his own agency for his wife, and the cases of Williams v. Williams, supra, and Manufacturing Co. v. Tinsley, 75 Mo. 458, expressly disapproved. SHERWOOD, J., speaking for the court, said: "We hold, also, that the husband defendant was a competent witness—under the provisions of section 8922— and that he was competent to prove his own agency. It is allowable as to any other witness to prove his own agency, and no reason is perceived why any different rule should prevail as to a witness merely because he occupies certain marital relations to one of the parties to the suit. For this reason we disapprove of the rulings in Williams v. Williams, 67 Mo. 661 and Mfg. Co. v. Tinsley, 75 Mo. 458."

In Long v. Martin, 152 Mo. 668, it is said: "It was at one time held to be the law of this State that a husband or wife was incompetent to testify to establish his or her agency in such case (Williams v. Williams; 67 Mo. 661; Wheeler and Wilson Mfg. Co. v. Tinsley, 75 Mo. 458), but the more recent consideration of that subject has led to the opposite conclusion." [Citing Leete v. State Bank, 115 Mo. 184].

The recent case of Smith v. Wilson, 160 Mo. 656, was

an action by a married woman, to which her husband was not a party, for the specific performance of a contract for the purchase of a tract of land. The plaintiff was permitted to prove by her husband over the objection of defendant that he was her agent and acted as such in the purchase of the land, and this ruling was approved by this court on the authority of Leete v. Bank, 115 Mo. 184.

The same rule applies alike to husband and wife and the rule which disqualifies the one as a witness disqualifies the other in similar circumstances, so that, the rule announced by the authorities cited is the same, whether the husband or the wife be the agent. And as a married woman may be the agent of her husband, and is competent to testify as a witness in his behalf with respect to matters in which she acted as such agent, we are unable to conceive of any good reason why she is not competent to testify to her own agency. That she was not intended to be disqualified from so doing by the provision in the statute quoted which prohibits "any married woman while the relation exists, or subsequently, to testify to any *admission* or *conversations* of her husband, whether made to herself or to third parties," we think clear, for such authority may be in writing which could not by any fair construction be embraced in the words "admissions or conversations." We therefore adhere to the rule announced in Leete's case, and overrule the case of Basye v. Railroad, 65 Mo. App. 476.

The criticism on the instructions we think without merit. There is no conflict between plaintiff's seventh and eighth instructions, and defendant's eighth, on the contrary, they are quite in harmony. Plaintiff's first instruction is in all essential particulars like the first instruction given in behalf of plaintiff in the case of Smith v. Kansas City, 128 Mo. 23. Finding no reversible error in the record we affirm the judgment.

*Sherwood, P. J.,* and *Gantt, J.,* concur.