JOHN WEST, Defendant in Error, v. WABASH RAILROAD COMPANY, Plaintiff in Error.

Kansas City Court of Appeals, May 7, 1906.

RAILROADS: Killing Stock: Attorney's Fee: Judgment: Appellate Practice: Remittitur. In an action for killing stock the court assessed an attorney's fee as part of the cost. The judgment rendered is reviewed and it is held to be for double damages and costs, and the amount of the attorney's fee, the illegal item in the cost. is directed to be remitte dand subtracted from the cost.

Error to Chariton Circuit Court.—*Hon. John P. Butler,* Judge.

AFFIRMED.

*Geo. S. Grover* for appellant.

(1) The judgment below, in express terms, as an inseparable part of it, is based upon a portion of section 1105 of the statute, which has been declared to be void, as in conflict with the organic law. Such judgment, therefore, cannot stand, as it is incapable of enforcement. Dickenson v. Railroad, 103 Mo. App. 334; Paddock v. Railroad, 155 Mo. 537; Railroad v. Ellis, 165 U. S. 150.

*U. A. House* and *H. J. West* for respondent.

(1) The only error in the case being the allowance to plaintiff of an attorney fee, and plaintiff having voluntarily remitted said attorney fee, the judgment in every other respect ought to be affirmed by this court. R. S. 1899, sec. 866; Basye v. Ry., 65 Mo. App. 468.

ELLISON, J.—Plaintiff brought his action for killing his cow by one of defendant's trains at a place where there was no sufficient fence. The finding and judgment were for $45 for the plaintiff. An attorney's fee of $15, was allowed and taxed with other costs. The plaintiff remitted five dollars from the finding and the court doubled the remainder, making the sum of $80. The case is brought here on writ of error bringing up the record proper.

The ground upon which defendant puts its complaint is that the allowance of an attorneys' fee was wholly unauthorized, the statute therefor being unconstitutional, the cases of Railway v. Ellis, 165 U. S. 150, Paddock v. Railway, 155 Mo. 538 and Dickinson v. Railway, 103 Mo. App. 333, being cited in support of the complaint. The specific reason

given by defendant for reversal is that judgment in the trial court includes the illegal allowance of an attorneys' fee and that it is impossible to separate the illegal part from the other and therefore the entire judgment should be annulled.    The following is the judgment .

"Now on this  2nd day of December 1905, comes on to be heard plaintiff's motion praying the court to render judgment in his favor for double the amount of the damages assessed by the jury in this case and for a reasonable  attorneys' fee, said attorneys' fee to be taxed as costs; and the court being fully advised in the premises finds that this is a proper case for judgment for double damages under the provisions of section 1105, Revised Statutes of Missouri 1899, and being informed by defendant's counsel that no appeal is to be taken herein, finds that the sum of fifteen dollars is a reasonable attorneys' fee for the plaintiff in this case, the question of the amount of said attorneys' fee being submitted to the court by agreement without the intervention of a jury, and plaintiff having voluntary remitted the sum of five dollars from the amount of the verdict of the jury. It is therefore ordered by the court that plaintiff have and recover of and from the defendant the sum of eighty dollars for his damages herein being double the amount of the verdict less the sum of five dollars remitted by the plaintiff, together with his costs, including the sum of fifteen dollars as his reasonable attorneys' fee in all taxed at the sum of seventy-seven and 90-100 dollars, and that he have execution therefor."

The plaintiff concedes the allowance of attorneys' fee was improper, but puts it upon the ground as stated in Bayse v. Railway, 65 Mo. App. 468. It will be seen that the finding of forty-five dollars (less five remitted) was doubled by the court, making the sum of eighty dollars for which a judgment in plaintiff's favor is rendered. The court then, separately rendered judgment for the attorneys' fee of $15 and the other costs, making a total

of costs of $77.90. It is plain that the judgment is for plaintiff's damages, and, as a separate consideration, is also for the costs. The latter is composed in part of an unauthorized attorneys' fee, the amount of which is stated. There is no reason why the amount of such fee cannot be subtracted from the total costs, leaving a balance of $62.90 to be taxed as costs. The plaintiff offering to remit $15, the judgment will be affirmed for the judgment of eighty dollars and costs amounting, with remittitur entered, to $62.90. The costs of appeal will be taxed against the plaintiff and the judgment affirmed as stated. All concur.

