## MATTIE BELLE BENNETT v. CITY OF NEVADA, Appellant.

### Division Two, July 5, 1919.

1. **EJECTMENT: Ouster: Improvement of Street: Verbal Direction: Trespass.** In ejectment against a city for a strip of land, wherein the answer is a general denial, the burden is upon plaintiff to prove that the city was in the wrongful possession of the land at the time the action was brought; and the mere act of the street commissioner in going upon said strip and grading it for street purposes, in obedience to a verbal instruction of the city council, is not the act of the city, and is not sufficient to establish wrongful possession by the city or to maintain ejectment against it, but amounts to no more than a trespass by him.

2. ————: **Street Improvement: Ordinance Necessary.** In order to establish, open, extend or alter a street the mayor and city council must by ordinance provide that such improvement shall be made; a mere resolution or verbal motion by the council, instructing the street commissioner to improve a named strip of land, though unanimously adopted and made a matter of record, is void and does not bind the city, and if in obedience to it the street commissioner enters upon the land and grades it for street purposes, his act amounts to no more than a trespass, for which he and possibly those acting with him are liable in damages for the injury done the owner.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman,* Judge.

REVERSED.

*A. G. King* and *M. T. January* for appellant.

(1) Ejectment must be brought against a party in possession, and plaintiff must allege in his petition that defendant is in possession, and must prove it when defendant denies possession. Clarkson v. Stanchfield, 57 Mo. 573; Shaw v. Tracey, 95 Mo. 531. (2) A city can open or establish streets only by ordinance. R. S. 1909, secs. 9261, 9262. (3) When the statute prescribes that the powers of a city may be exercised by the passage of an ordinance, no other method is allowable. Rumsey Mfg. Co. v. Schell City, 21 Mo. App. 175. (4) A municipality can only be held responsible for the act of its officers when the act is authorized by ordinance, in cases where the city, as a corporation, has power to authorize action only in that way. Stewart v. City of Clinton, 79 Mo. 603; Werth v. City of Springfield, 78 Mo. 107; Reed v. Peck, 163 Mo. 333.

*Chas. E. Gilbert* for respondent.

(1) The owner of land wrongfully taken by a city and converted into and used as a public street, may maintain ejectment against the city for its recovery. Armstrong v. City of St. Louis, 69 Mo. 309, Anderson v. City of St. Louis, 47 Mo. 484; Walther v. Warner, 25 Mo. 277; Hammerslough v. City of Kansas, 57 Mo. 221; Warner v. Railroad Co., 57 Mo. 275; Evans v. Railroad Co., 64 Mo. 453; Bradley v. Mo. Pac. Ry. Co., 91 Mo. 500; McCarty v. Clark County, 101 Mo. 182.

MOZLEY, C.—This action is ejectment, with ouster laid on the —— day of July, 1915, and is brought against the City of Nevada alone as defendant.

The real estate involved is described as follows: "Commence at the southwest corner of the east half of Lot two of the northwest quarter of Section Four, in Township Thirty-five, Range Thirty-one, in the City of Nevada, County of Vernon and State of Missouri, from thence run north twenty rods, thence east twenty rods, and from the point thus found as a place of beginning, run north ninety feet, thence east one hundred and sixty feet, thence south ninety feet, thence west one hundred and sixty feet to place of beginning." It will thus be seen that the lot is one hundred and sixty feet east-and-west and ninety feet north-and-south. The particular part of the lot involved here is twelve or fifteen feet off of the south end thereof, which lies between Main and Ash Streets. Plaintiff claims that the defendant city, on the date above set forth, ousted her from the possession thereof, and took the possession itself, and that the street commissioner, acting for the city, as it is alleged, did great damage thereon by plowing and grading the soil. The answer of defendant was a general denial. The case was tried before a jury in the Circuit Court of Vernon County, at the February term, 1917, which resulted in a verdict for plaintiff for possession of the land in controversy and fifty dollars damages, and monthly rents and profits fixed at $1.50 per month, upon which verdict judgment was duly entered. Motion for new trial being overruled at the same term of the court. defendant duly appealed the case to this court.

About June 15, 1915, at a meeting of the city council of defendant, it was verbally moved, seconded and carried "that the street commissioner, under the supervision of the city engineer, be instructed to put Floral Avenue, between Main and Ash streets (the strip in controversy) in proper condition." Counsel for both sides agree that no ordinance was passed authorizing the work to be done. Counsel for plaintiff proved by the the city clerk that the City of Nevada had never passed an ordinance with reference to this street, this with the

view of relying upon the verbal motion or resolution above set forth, upon which predicate he seeks to bind the corporation. Mr. January, for the city, made the following objection in the nature of consenting to the correctness of the proof offered by plaintiff that no ordinance had ever been passed:

"Well, I will get my objection in. The defendant objects to the introduction of the minute book of the council in evidence, for the reason that it already appears in evidence that the city of Nevada never passed any ordinance opening or ordering opened any street over the ground in controversy."

As above stated, the answer of defendant was a general denial, which placed the burden on the plaintiff to prove that defendant (the corporation) was in the wrongful possession of the strip of land in controversy at the date of the institution of this suit.

Plaintiff contends, as we understand the position of her counsel, that the act of the street commissioner in grading the strip of land involved was the act of defendant (the corporation), and that on account thereof ejectment can be maintained against it. We are unable to agree with this contention. We think, and so hold, that the act of the street commissioner in grading said strip of land was done without authority and was, therefore, not binding upon defendant, because, as the record discloses, no ordinance was passed by the legislative department of the city authorizing any one to go upon plaintiff's lot and do grading or do any other act calculated to damage the property.

It has been held by this court, in harmony with the express provisions of the statute, that in order to establish, open, extend or alter any street, avenue ,etc., the mayor and board of aldermen shall provide by ordinance that such improvement shall be made. In other words, the adoption of the ordinance is the first step toward making the improvement and unless that step is taken in the legal way, the proposed improvement cannot be legally made. A mere resolution or

verbal motion by the city council to make such improve-ment is absolutely void, and could not bind the city, and the act of the street commissioner in going upon the land in question and grading it without the consent of the owner amounts to no more than a trespass on his part, for which he and possibly those assisting him rendered themselves liable in damages for the injury done the plaintiff. [R. S. 1909, secs. 9161-9162; Reed v. Peck, Guitar and Watson, 163 Mo. 333, l. c. 338; Wheeler v. City of Poplar Bluff, 149 Mo. 36, l. c. 45-46; City to use v. Eddy, 123 Mo. 546, l. c. 558-559.]

We think it is clear that, under this record, eject-ment cannot be maintained against the defendant city. Having reached this conclusion, it will not be necessary to notice other points made by appellant. The demurrer requested by appellant at the close of the case ought to have been sustained. Let the judgment be reversed. *White* and *Railey, CC.,* concur.

PER CURIAM:—The foregoing opinion of MOZLEY, C., is adopted as the opinion of the court. All of the judges concur.