EMILY I. ROBINSON et vir, Respondents, v. CITY OF ST. JOSEPH, Appellant.

Kansas City Court of Appeals, January 5, 1903.

1. **Street Grading**: DAMAGES: FORMER AND LATER CHANGE OF GRADE. In an action by a lotowner to recover damages for a change of grade in the street along the side of his lot, it is no defense that he had not used the money recovered in an action for changing the·grade ·of a street in front of his lot some years before to reduce the grade of his lot so that the later change of grade would have been no injury to his lot.

2. ———: ———: VALUE OF PROPERTY. The measure of damages for changing the grade of a street is the difference between the market value of the lot immediately before the injury and im--mediately after the completion of the injury.

3. **Witnesses**: EXPERT: QUALIFICATION: VALUE. Witnesses, residents of a city and acquainted with the lots in question, are qualified to give their opinions as to the difference in the value of the lots before and after a change of grade in the street, and they need not be engaged in the real estate business.

4. **Evidence**: STREET GRADING: PHOTOGRAPHS. In an action to recover damages for changing the grade of a street photographs of the locus in quo after the completion of the injury, if proven to be true, are admissible in evidence.

5. ———: PRACTICE: REMARK OF COURT. In an action to recover damages for changing the grade of a street, where the defendant was offering to prove the effect of a prior change of grade of a street on another side of the lots, the remark of the court, "The question is, what the lots were worth immediately before the grading was done and immediately after. Penn Street is just the same as if a ravine was there," is held harmless error, if improper.

6. ———: REJECTION OF MATTER ALREADY IN: HARMLESS ERROR. The refusal on objection to admit certain evidence of a fact which is amply shown by other evidence unobjected to is harmless error.

7. **Instruction**: ABSTRACTION: HARMLESS ERROR. Where an instruction enunciating a proper rule of law is preceded by an axiomatic abstraction, the matter is harmless, but the practice is rather to be condemned than commended.

8. ———: ISSUES. Where an instruction embraces within its hypotheses the facts constitutive of plaintiff's case and within the issues, it is a proper expression of the law.

9. ———: EMBRACED IN OTHERS: REFUSAL. Where an instruction contains a proposition fully and clearly enunciated in other instructions, there is no impropriety in refusing it.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson*, Judge.

AFFIRMED.

*Kendall B. Randolph* for appellant.

(1)    The court erred in sustaining the motion to strike out parts of the answer. There can be no doubt but that such ruling would have made a material difference in the verdict. As the case now stands these parties have recovered $3,000 from the city for grading around their property, in the outskirts of the city, with a small seven-room house and some sheds on it. Donnell v. Wright, 147 Mo. 639; State ex rel. v. Branch, 134 Mo. 592; Short v. Taylor, 137 Mo. 517; State ex rel. v. St. Louis, 145 Mo. 551; Spradling v. Conway, 51 Mo. 51; McKee v. Railway, 49 Mo. App., l. c. 180; Hulett v. Railway, 80 Mo. App. 87. (2)    The court erred in admitting in evidence the photographs, as they were not shown to be correct representations of the situation. Baustian v. Young, 152 Mo. 317. (3)    The court erred in permitting witness Giles to testify as an expert. He possessed none of the qualifications of an expert. He was not shown to possess any knowledge except what might have been expected of any of the jurors. Such

evidence is misleading and was prejudicial to the defendant. Turner v. Hoar, 114 Mo. 335; Goins v. Railroad, 47 Mo. App. 173; Helfenstein v. Medart, 136 Mo. 595; Naughton v. Stagg, 4 Mo. App. 271; Thompson v. Ish, 99 Mo. 160; Gates v. Railway, 44 Mo. App. 488; Benjamin v. Railway, 133 Mo. 274. (4) The court erred in not permitting the witnesses to answer defendant's questions in reference to Penn street, the object of which was stated by defendant's counsel to be, "to show the difference about Penn street being graded or not graded as to what effect it has on the property." (5) The court also erred in ruling and stating in the presence of the jury as follows: "The question is, what was the property worth immediately before this grading was done and immediately after. Penn street is just the same as if there was a ravine there." Why didn't the court say, "Penn street is just the same as if it were on a level with the property?" That would have been perfectly fair to plaintiffs. Bank v. Armstrong, 92 Mo. 265; Rickroad v. Martin, 43 Mo. App. 597. (6) The court erred in giving, on behalf of plaintiffs, instruction No. 2. This instruction opens with a dissertation on the law with the evident purpose of inflaming the jury with the idea that the city had willfully violated the Constitution, and should be punished therefor. What could the jury understand by the term "as provided by law?" Bradley v. Railroad, 138 Mo. 293. (7) Defendant's refused instruction marked "A" should have been given. It states the law correctly governing damages in grading cases.

*H. S. Kelley* for respondent.

(1) The first matter complained of by appellant is, that the court erred in sustaining the motions to strike out parts of defendant's amended answers. We do not think so. (2) The photographs were shown to be correct representations of the situation, and were properly admitted in evidence. Baustain v. Young, 152 Mo. 317; Kent v. St. Joseph, 72 Mo. App. 42. (3)

Giles was not an expert real estate dealer, but he was an intelligent citizen, an ex-alderman of the city, and said he knew something about the value of real estate in that neighborhood—was as much acquainted with the value of real estate as any man who was not a real estate man. With this qualification he was permitted to testify. Tate v. Railroad, 64 Mo. 149; Schaaf v. Fries, 77 Mo. App. 346; Railroad v. Calkins, 90 Mo. 538; Railroad v. DeLissa, 103 Mo. 125; Hosher v. Railroad, 60 Mo. 303; Thomas v. Mul, 43 Mo. 58; State v. Darrah, 152 Mo. 522. (4) As to the fourth, fifth and sixth points made by appellant, we will simply say that they are all of the same nature and effect as the first, and present the same theory contended for by defendant.

SMITH, P. J.—The plaintiff, Emily I. Robinson, was the owner of lot 24, block 13, in Wyatt's addition to the defendant city, and the other plaintiff, H. N. Robinson, was the owner of lot 23 in said block and addition to said defendant city. Penn street runs east and west through said city of St. Joseph and is intersected by Twenty-eighth street running north and south. Plaintiff's lots front on Penn street 100 feet, and on Twenty-eighth street 127 feet, and are on the northwest corner of said named streets.

In the year 1890 the defendant city established the grade on said Penn and Twenty-eighth streets which at their intersection was the same. Shortly after the establishment of the said grade, the defendant by ordinance caused the natural surface of Penn street at said intersection and in front of plaintiff's lots to be brought thereto and thereby made a cut of twenty feet in front of plaintiff's lots so that on the boundary line between said lots and Penn street there was a perpendicular earthen bank something like twenty feet in height. Prior to the establishment of said grade the plaintiffs, who are husband and wife, erected a mansion house on said lots, together with other buildings used therewith, and also planted fruit and ornamental trees, shrubs, etc., thereon.

Each of the plaintiffs sued the defendant for the injury to their respective lots occasioned by the grading of Penn street and recovered a judgment, one for $1,200 and the other for $300.

More than ten years later the defendant city by a further ordinance caused Twenty-eighth street north of Penn street, and the alley in the rear of the plaintiff's lots, to be brought to grade which required a cut of eighteen feet. To recover the damages for the injury thus caused to their lots, plaintiffs each brought separate actions against the defendant city but by agreement of all the parties the two actions were consolidated and tried as but a single action.

The defendant's answer was to the effect that the plaintiffs had in 1890 recovered said judgments against the defendant city for the injuries occasioned to their said lots by the grading of Penn street and that if they had used the amount recovered by that judgment, as contemplated by it, for the purpose of improving said lots, or in ameliorating their damaged condition, that no damage would have resulted from the grading of Twenty-eighth street and the alley. The court on motion of the plaintiffs struck this defense from the answer, and this action of the court, it is now contended, was error, for which we should reverse the plaintiff's judgment. It was optional with the plaintiffs whether or not they would expend the amount of damages recovered for the injuries occasioned to their lots by the grading of Penn street in improving and ameliorating the condition to which it had been reduced. If they elected to permit the lots to remain in the condition which the defendant's improvement of the street had left them, they had the undoubted right to do so, and it could in no event be of any concern to the defendant the one way or the other. This action can have no relation or connection with the former one. The two are separate and distinct, and neither is in any way dependent on the other. The damages recovered in this action are solely for the injuries occasioned to the plaintiff's

lots by the grading of Twenty-eighth street and the alley.

The measure of damages to which plaintiffs were entitled to recover was the difference between the market value of the lots immediately before the injury took place and their value after the injury was completed. Martin v. Railway, 47 Mo. App. 452; Taylor v. Railway, 38 Mo. App. 668; Babb v. Curators, 40 Mo. App. 173; Slattery v. St. Louis, 120 Mo. 183; Sheehy v. Cable Co., 94 Mo. 574; Trust Co. v. Bambrick, 149 Mo. 560. The application of this rule requires the exclusion from consideration the injuries which resulted from the improvement of Penn street. It confines the inquiry to a narrow limit—to the ascertainment of the difference between the market value *immediately* before the injury occurred and that after it was complete.

If the market value of the lots by reason of the injury occasioned by the improvement of Penn street had been reduced to, say $2,500, and that was their value immediately before the injury to them occasioned by the improvement of Twenty-eighth street and the alley, then the measure of the plaintiff's damages would have been the difference between *this reduced value* and that when the injury was completed. The first made street improvement may have deprived the lots of half their value and the second may have further deprived them of the remaining half, so that the measure of damages to which plaintiffs were entitled to recover was the difference between the market value of the property after the occurrence of the first injury and immediately before that of the second and that after the completion of the latter. Accordingly, we do not think the court erred in striking out the part of the defendant's answer to which reference has been made. Nor do we think it erred in refusing to permit the defendant to inquire of the witnesses whether or not in their opinion if the plaintiffs had expended the amount recovered for the injuries occasioned by the grading of Penn street in the lowering of the surface of their lots and improving them that the grading of Twenty-eighth street and the

alley would have injured their said lots. The pertinent question was, what was the *actual* market value immediately before the injury and not what it *might have been* had certain conditions existed. The latter is too speculative and theoretical and is not that contemplated by the rule for the ascertainment of damages in a case like this.

The defendant objects that a number of witnesses who testified their opinion as to the value of the plaintiff's lots were not sufficiently qualified to so testify. These witnesses were all residents of the city and testified that they were acquainted with the lots and knew their value. This was all that was required to qualify them to testify as experts. It was not necessary for them to be engaged in the real estate business. The value of such opinions depends upon the intelligence of the witnesses and the knowledge and experience which they possess in such matters, and in all cases it is a question for the jury. Union Elevator Co. v. Railway, 135 Mo. 353; Thomas v. Mallinckrodt, 43 Mo. 58.

The defendant further objects that the court erred in admitting in evidence certain photographs of the *locus in quo* after the injury complained of was complete. They were proven by the testimony *aliunde* to be true photographic prints and were therefore admissible in evidence for what they were worth. Baustian v. Young, 152 Mo. 317, and authorities there cited.

The defendant complains of the remark of the court made in the presence of the jury to the effect that "the question is what the lots were worth immediately before the grading was done and immediately after. Penn street is just the same as if a ravine was there." This remark was called out by an offer of the defendant "to prove the difference about Penn street being graded or not graded as to what effect it has on the property." It is rather difficult to understand from the language just quoted and in which defendant's offer was couched, exactly what it embraced, but the court evidently understood from it that the defendant was seeking to sustain the theory of the defense of its an-

swer which had been stricken out. Whether or not the bank in front of plaintiff's lots on Penn street was natural or was caused by the grade of that street was not a fact material to consider in determining the *quantum* of damages that should be awarded for the injuries done to the lots by grading Twenty-eighth street; and, therefore, we can not see that the remark of the court was improper or if so that it was harmful to defendant.

The defendant objects that the court erred in not permitting it to inquire of a witness whether or not plaintiffs' improvements were made on their lots before the establishment of the grade. It is unnecessary to discuss this objection because it appears from other unobjected-to evidence that the grade was established in 1890 and the plaintiffs' improvements were placed on their lots the preceding year, so that the action of the court was not erroneous; or, if so, it did not hurt defendant.

The rule declared in the plaintiffs' second instruction which is in effect conceded to be a correct expression of the law applicable to the case, was preceded by a sort of prelude or preface which in substance told the jury that under the Constitution and laws of this State no private property could be lawfully taken or damaged for public use without just compensation, etc. And to this part of the instruction defendant objects as being erroneous. Certainly this was but an abstraction which announced no more than an axiomatic proposition in our law, and while the practice of giving instructions of that kind is not to be commended, but rather condemned, still, as it is obvious that the giving of that in the present case was not prejudicial to defendant in any way, it results that the action of the court affords no ground for serious complaint.

Nor do we think the plaintiffs' third instruction subject to the objection defendant has lodged against it. The facts embraced within its hypotheses were constitutive of the plaintiffs' case and within the limits of

the issues made by the pleadings, and, hence, it was not an improper expression of the law.

The defendant further insists that the court erred in refusing its instruction A, but as the rule there declared, in respect to special damages as distinguished from those which were general in the locality, was fully and clearly embraced in the enunciation of other instructions (2, 3, and 4) given for it, there was no impropriety in refusing it.

In view of all the evidence before us we can not think the amount of damages found by the jury was excessive or that there is any just ground of complaint on that account. Several other exceptions taken to the action of the court during the progress of the trial have been called to our attention in the brief of defendant's counsel, but it is sufficient to say that an examination of them has not led us to the conclusion that the action of the court, in respect thereto, was erroneous.

The judgment will accordingly be affirmed. All concur.