PETER DRIES, Appellant, v. CITY OF ST. JOSEPH, Respondent.

Kansas City Court of Appeals, April 6, 1903.

1. Municipal Corporations: STREETS AND ALLEYS: ABUTTING OWNER'S RIGHTS. An abutting property-owner on a street has equal right with the public to the use thereof, and in addition has the right of ingress and egress which is special to himself. (Cases considered and distinguished.)

2. ———: ALLEYS: ABUTTING OWNER'S RIGHTS. Abutting property-owners on an alley have property rights in the entire alley not shared by the general public, and the city can not obstruct either end of the alley in the block so as to damage the abutting owners.

Appeal from Buchanan Circuit Court.—*Hon. A. M. Woodson,* Judge.

REVERSED AND REMANDED.

*Kelley & Kelley* for appellant.

(1)    It will be seen from the statements of counsel made in connection with the objection to the admission of evidence under the petition, that there is a small lot or strip of ground, twenty-five feet wide, the railroad right of way, between plaintiff's lots and said Mitchell avenue; that plaintiff did not claim that his lots abut Mitchell avenue, but he claimed that they abut the alley that runs in the center of the block across Mitchell avenue and Sacramento street, and the complaint is that by grading Mitchell avenue and filling it up, and raising it five feet at the alley, access to the plaintiff's lots from the alley was obstructed.    The above admissions made by plaintiff's counsel in connection with defendant's objection were properly regarded as true, and as much a part of the petition as if they had been written in the petition. . (2)    The question is, was the plaintiff's private property damaged for public use?    It need not be taken nor touched by the city defendant, but it is sufficient if it was damaged in a way and to an extent in which the public generally did not participate or share, i. e., that plaintiff sustained damages different from that sustained by the community generally. ' Rude v. St. Louis, 93 Mo. 408; Canman v. St. Louis, 97 Mo. 92; Fairchild v. St. Louis, 97 Mo. 85; Schopp v. St. Louis, 117 Mo. 131; Sheehy v. Railroad, 94 Mo. 574; Ferrenbach v. Turner, 86 Mo. 416; Glaessner v. Brewing Ass'n, 100 Mo. 508.    (3)    It is the settled law that the owner of property abutting on a street or alley has a right of access to his property over such street or alley, and this right is as much property as the lot itself.    This prin-

ciple or right applies with greater force to an alley than to a street, for it is said that "alleys are held in trust for the special benefit of owners of property abutting on them, and are intended to afford rear access to such property." Corby v. Railroad, 150 Mo. 457; Sherlock v. Railroad, 142 Mo. 172; Spencer v. Railroad, 120 Mo. 154.

*Kendall B. Randolph* for respondent.

The petition, as well as the admission, shows that the lots of plaintiff do not abut on Mitchell avenue. The petition failed to allege any damages "peculiar to him, different in kind, and not merely in degree, from those suffered by other members of the community." Rude v. St. Louis, 93 Mo. 408, and cases cited.

BROADDUS, J.—This is an action brought to recover damages to certain lots and the improvements thereon in the defendant city—incorporated, of the second class—which were the property of the plaintiff.

The petition alleged that plaintiff was the owner and in possession of lots 9 and 10 and one foot four inches of the north side of lot 8 in block 56 of Patee's addition to the defendant city, and that said lots front on the west on Fifteenth street; that Mitchell avenue ran east and west on the north side of said block, north and near to plaintiff's said lots; that there was an alley which ran north and south through the center of said block on which the east end of said lots abutted, and that on said lots there were valuable improvements, etc.

It is further alleged that the defendant city, under certain ordinances which had been duly passed and approved, so graded said Mitchell avenue along the north side of said block as to place an embankment of earth and dirt in said street and on the north of said lot 10 and across said alley about five feet high above the level of the former grade of said avenue and lot and the

foundation of the buildings thereon, thereby rendering said lots and buildings thereon inaccessible from said alley and causing water to stand upon said lots, and the buildings thereon to be damp and unhealthy so that goods placed in the said buildings and cellar thereunder became damaged and the health of the occupants impaired, to plaintiff's damages, etc.

The answer was a general denial. At the trial the defendant objected to the admission of evidence on the ground that the petition showed that the plaintiff's lots did not abut on Mitchell avenue. It was then conceded by the plaintiff that there was strip of ground forty-five feet wide between his lots and Mitchell avenue; and thereupon the court sustained the defendant's said objection, and the plaintiff took a nonsuit with leave, etc.

It was held in Bailey v. Culver, 12 Mo. App. 175: "The owner of an abutting lot has a vested right in the easement coextensive with his boundary line as a means of egress into the outer world, from any part of his lot contiguous therewith. . . . But beyond the limits of contiguity with his lot, his rights in the easement are only those of a member of the public at large." Under the rule in said case, the action of the court in sustaining the demurrer to plaintiff's case here, as made by his petition, was correct; but the rule was not well founded and has since been wholly overthrown by the decisions of the Supreme Court.

"An abutting property owner on a street in a city has equal right with the public to use the street, and, in addition thereto, he has certain rights which are special to himself, e. g., that of ingress and egress." Ferrenbach v. Turner, 86 Mo. 416; Glaessner v. Brewing Ass'n, 100 Mo. 508. In Corby v. Railroad, 150 Mo. 457, the distinction was clearly drawn between the rights of abutting property-owners on an alley and that of the general public, in which case an injunction was sustained at the instance of the abutting property-owner on a certain alley restraining defendant—a railroad cor-

poration—from constructing its track on such alley. The special contradistinguished from the general right of the public was also recognized in Schopp v. St. Louis, 117 Mo. 131, and Glaessner v. Brewing Co., 100 Mo. 508. We do not consider that the law as held in Rude v. St. Louis, 93 Mo. 408, is in conflict with the holding in the cases cited, for in that case it was held that the damages claimed by plaintiff were not special to himself, but such as were suffered by the general public, for which reason he was not allowed to recover.

In Corby v. Railroad, supra, the court very justly made a distinction between an alley and a street. That the whole public was interested in the streets because they were contiguous and as such served a general public use, ''but the alley in each block is a complete entity unto itself, and it is immaterial to the owners of property in one block whether there is an alley in the next or any other block or not, and likewise immaterial to the general public whether there are any alleys or not.'' It seems to us that it is plain that abutting property-owners on an alley have property rights in the entire alley not shared by the general public. If the city had a right to obstruct one end of the alley in question, it had the right to obstruct both ends, and thus prevent any use whatever of the same by the plaintiff. The very statement of the proposition is sufficient to condemn it. The courts of other jurisdictions have emphasized the special property rights of abutting owners in streets and alleys, but the question seems to be so plain that further illustration is deemed wholly useless.

For the reasons given the cause is reversed and remanded. All concur.