TENNESSEE ELLIS et al., Respondents, v. ST.
LOUIS, IRON MOUNTAIN & SOUTHERN
RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, June 8, 1908.

1. NUISANCES: Street Obstruction: Damages: Place of Obstruc-
tion: Access. The fact that an obstruction across an alley
is not at a point where plaintiff's property abuts thereon, does
not necessarily cut off the right of damages if it deprives him
of communication with the outer world and excludes him from
the general system of public highways.

2. ———: ———: ———: Special. The property-owner's dam-
ages must be special and peculiar to him and not such as are
common to the community, but this does not mean that others
might not be in the same situation as plaintiff.

3. ———: ———: ———: ———: Other Streets. The fact that
there were other streets on either side of plaintiff's property
will not prevent recovery for damages arising from the obstruc-
tion of an alley so as to cut off the use thereof.

4. ———: ———: Evidence. In the assessment of damages for
the obstruction of an alley it was improper to sustain an ob-
jection on cross-examination to the question if the witness did
not have property he considered damaged by the obstruction.

5. ———: ———: ———: Damages: Witnesses. It is error for
the court during the time of examining witnesses to an-
nounce that the number shall be limited to six. [Following
Railroad v. Aubuchom, 199 Mo. 352, 360.]

6. ———: ———: ———: ———: Trial Practice: Conduct of
Counsel: Viewing Premises. Although the argument of coun-
sel was somewhat strong it related to matters in evidence and
is held not reversible error; and held, further refusal of court
to permit the jury to inspect the premises was not an abuse of
discretion.

7 ——: ——: **Pleading: Misjoinder of Actions: Instructions.**
Where the plaintiff's petition conveys the impression of the
misjoinder of actions *ex contractu* and *ex delicto*, yet as the
instructions release the defendant from liability *ex contractu* it
is held in the record the matter is not reversible error.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,*
Judge.

REVERSED AND REMANDED.

*Martin L. Clardy* and *Edw. J. White* for appellant.

(1)   The court erred in refusing the defendant's
demurrer, asked at the close of plaintiff's evidence and
again at the close of the whole case.   Stephenson v.
Railway, 68 Mo. App. 642; Gardner v. St. Joseph, 96
Mo. App. 661; Bailey v. Culver, 84 Mo. 531; Rude v.
St. Louis, 93 Mo. 408; Fairchild v. St. Louis, 97 Mo.
85; Canman v. St. Louis, 97 Mo. 92; Realty Co. v. Deere
& Co., — Mo. —, 106 S. W. 496, and cases cited.   (2)
The court erred in refusing the plaintiff's motion to
compel plaintiff to elect upon which of the inconsistent
causes of action set up in the petition they would pro-
ceed.   The motion to compel an election was filed in
time, when asked at the close of plaintiff's evidence, as
squarely held by the Supreme Court.   Southworth Co.
v. Lamb, 82 Mo. 247.   (3)   And it is elementary that
causes of action *ex delicto* can not be united in the same
count with causes of action *ex contractu*.   1 Enc. Pl. &
Pr., p. 194; Enderlin v. Judge, 36 Mo. 350; Hoagland
v. Railroad, 39 Mo. 451; House v. Lowell, 45 Mo. 383.
(4)   The court erred in refusing the defendant's mo-
tion for an order permitting the jury to view the alleged
alley and the plaintiff's lot.   2 Lewis on Em. Dom. (2
Ed.), sec. 425, p. 936; Kansas City v. Street, 36 Mo.
App. 666; Kansas City v. Butterfield, 89 Mo. 646.   (5)
It is always an essential for a plaintiff in a case like
this to establish that his or her lot abutted upon the

portion of the highway that was obstructed or that the damage to the plaintiff was different in kind or peculiar to the plaintiff, as distinguished from the rest of the public owning property on the highway. This fact was made an essential of a verdict for the plaintiff, in the defendant's first refused instruction and the refusal thereof was error. Thompson v. Macon City, 106 Mo. App. 84; Nagle v. Railway, 167 Mo. 89; Ruckert v. Railway, 163 Mo. 279; Realty Co. v. Deere & Co., 106 S. W. 501; Stephenson v. Railway, 68 Mo. App. 6£2; Gardner v. St. Joseph, 96 Mo. App. 661. (6) And the instruction was also in accord with the rule established by the Supreme Court, by a long line of decisions. Bailey v. Culver, 12 Mo. App. 184, 84 Mo. 531; Rude v. St. Louis, 93 Mo. 408; Fairchild v. St. Louis, 97 Mo. 85; Canman v. St. Louis, 97 Mo. 92; Realty Co. v. Deere, 106 S. W. 496. (7) Counsel's reference to defendant's witness, Regan, that "He signs bonds in other cases, gentlemen of the jury," was prejudicial and appealed to the natural prejudices of the jury and of itself, was sufficient to reverse the cause. Brown v. Railroad, 66 Mo. 588; Robertson v. Railroad, 152 Mo. 382; Harper v. Telegraph Co., 92 Mo. App. 304; Kiloren v. Dunn, 68 Mo. App. 212.

*R. A. Mooneyham* for respondent.

(1) Abutting owners have the right appurtenant to their property, of access to it over the adjacent streets and alleys and this right is as inviolable as the right to the property itself. Sherlock v. Railway, 142 Mo. 172; Lockland v. Railway, 31 Mo. 180; Heulett v. Railway Co., 80 Mo. App. 87. (2) The owner of property abutting on a public street or alley has easement therein of light, air and access to and from his property by means of said street. DeGeofray v. Railway, 179 Mo. 698; Donohue v. Gas Co., 181 N. Y. 313; Bailey v. Culver, 12 Mo. App. 184. (3) The rule is entirely settled that every abutting owner has a property right

in the maintenance of the streets and alleys in full use of which he can be divested only on due compensation. Donohue v. Gas Co., 181 N. Y. 313. (4) The instructions given on behalf of the plaintiff declares the law correctly and were properly given. Perett v. Kansas City, 167 Mo. 249; King v. King, 155 Mo. 406; Noble v. Blount, 77 Mo. 235; Mitchell v. Railway, 116 Mo. App. 81.

ELLISON, J.—Plaintiff's action was brought to recover damages for obstruction of a public alley upon which their property abutted. They recovered judgment in the trial court.

It appears that the lot owned by plaintiffs is in the city of Carthage and is located on a corner at the intersection of two streets and that there is an alley in the rear. At a point about one hundred feet north of the lot, defendant's grantor constructed a railway embankment and tracks across the alley, which has since been maintained by defendant. That theretofore the city had raised the grade of the street on the side of their property which intersects with the alley and that when defendant's grantor constructed the railroad across the alley north of this, all communication with her property by way of the alley was permanently cut off and destroyed.

The fact the embankment across the alley was not at a point where plaintiff's property abuts upon it, does not necessarily cut her off from right to damages. [Dries v. St. Joseph, 98 Mo. App. 611.] This is conceded in Rude v. St. Louis, 93 Mo. 415. And so it was conceded by the St. Louis Court of Appeals in Bailey v. Culver, 12 Mo. App. l. c. 184, that the "owner's rights may be unlawfully prejudiced by an obstruction at a distance from his property, if the effect be to deprive him of communication with the outer world, or to exclude him from the general system of public highways."

There are cases where a street is obstructed at a distance from an owner's lot which abuts on the street, and where his damages are of the same kind with the general public, yet he can not recover, even though his damage is greater in degree. [Rude v. St. Louis, 93 Mo. 408; Fairchild v. St. Louis, 97 Mo. 85; Canman v. St. Louis, 97 Mo. 92.]    But those cases are not applicable here.    For here, while the obstruction is at a distance from plaintiff's lot, yet it completely cuts off communication to the lot by way of the alley.    There are no' intervening streets or alleys by which she might come into or go out of the alley, and thence to or from her property.    She thereby suffers a different kind of damage from the general public.    [Dries v. St. Joseph, supra.]

The rule is that a complainant's damage must be such as is special and peculiar to him.    If his damage is of like kind with that of the general public, though greater, he cannot recover.    But it must be borne in mind that the fact that others may be in the same situation with plaintiff as regards the effect upon the use of their property, yet that will not bring her within the rule preventing her recovery.    There may be others in the same block as effectually cut off by the embankment as is the plaintiff; still she may recover.    Others being in like situation with her and suffering the same kind of damage does not constitute the general community in the sense of the rule just stated.

Nor will the fact that she had streets on other sides of her property prevent her recovery.    The case of Stephenson v. Railroad, 68 Mo. App. 642, cited by defendant as asserting that proposition, was, in that respect, disapproved in Hulett v. Railroad, 80 Mo. App. 87.    In this view of the law we do not see that harm resulted from the court's refusal of defendant's instruction.    We do not see that a case was made to which it was applicable,

But there were errors at the trial for which the judgment must be reversed. A witness (Cherry) for plaintiff, was asked on cross-examination if he did not have property which he considered to be damaged by the embankment and an answer was disallowed. It was proper cross-examination. The jury should have been permitted to learn whatever condition existed in reference to the matter in controversy which would tend to color or prejudice the mind of the witness. The fact that he had no actual claim against the company did not affect the question. [Hartpence v. Rogers, 143 Mo. 623, 634.]

So it seems that during the time witnesses were being examined as to the value of the property, the court over defendant's protest, limited the number of its witnesses to six. The ruling was error under the recent expression of the Supreme Court in a case we think fully applicable to this. [Railroad v. Aubuchon, 199 Mo. 352, 360.]

Objection is urged to the manner of argument by plaintiff's counsel. The expressions were somewhat strong, but the matters to which those expressions applied, appeared in evidence.

So defendant complains of the court refusing to permit the jury to inspect the premises in controversy. That was a discretion which has not been shown improperly exercised and we see no objection to the ruling.

Defendant contended that plaintiff had joined two causes of action in one count, one *ex contractu* and the other *ex delicto,* in that she had alleged as a cause of action that defendant's grantor had constructed the road across the alley and sold the road to defendant, the latter agreeing to pay all damages by reason of the embankment; and then, further on in the same count, alledged that defendant constructed and maintained the embankment. The petition is worded so as to convey

that impression of its meaning. But, as we understand the case, plaintiff only seeks to hold defendant for what it has done, and not for the wrongdoing of its grantor assumed by it. So defendant obtained instructions freeing it from liability unless it, itself, constructed the embankment or caused it to be constructed, although it purchased the road from a company which did construct it. Such is the case as made by the parties and we, of course, consider it from that standpoint.

We think there was no error in modification which the court made of two of defendant's instructions, nor in refusing others.

The judgment is reversed and the cause is remanded. All concur.