JOHN FAUST, Respondent, v. JOSEPH POPE et al.,
Appellants.

**Kansas City Court of Appeals, June 8, 1908.**

1. **MUNICIPAL CORPORATIONS: Changing Grade of Street: Ordinance: Resolution: Trespass.** A contractor under a contract in pursuance of a resolution of the city council but without an ordinance, who enters upon a street and lowers the grade thereof is a trespasser, and the city officer aiding therein becomes a joint tortfeasor, and a subsequent ordinance authorizing such work cannot purge the turpitude of the trespass.

2. ————: **Alley: Access: Action.** An alley in each block is a complete entity unto itself and an unlawful interference with the access to the property abutting thereon is an actionable damage.

3. ————: **Blasting in Street: Negligence: Trespass.** One blasting in a street is liable for damages resulting therefrom regardless of the question of the degree of care employed.

4. ————: **Changing Grade of Street: Access: Injured Building: Damages.** Damages for changing a street grade by means of explosives so as to cut off access to property abutting on a connecting alley and injuring the building by concussion, are measured by the difference in the value of such abutting property before and after the injury; and instructions on the measure of damages set out in the opinion are condemned, since they appear to allow double damages.

Appeal from Cole Circuit Court.—*Hon. William H. Martin*, Judge.

REVERSED AND REMANDED.

*Jas. H. Lay & W. S. Pope* for appellants.

(1)    If the plaintiff's theory of the case is correct, the measure of damages might be compensation for actual loss or difference in its market value immediately before the injury and the like value after the injury is complete; but surely he could not be entitled to both. Albers v. Merchants Exchange, 138 Mo. 140; Trust

Co. v. Bambrick, 149 Mo. 560; Matthews v. Railroad, 142 Mo. 645; Bungenstock v. Drainage District, 163 Mo. 198; Robinson v. St. Joseph, 97 Mo. App. 503. (2) Appellants take the position that the action of the city council inviting bids, the response thereto by the defendant, Pope, the acceptance of his proposition by the city council, the action of the council authorizing the mayor to enter into the contract, and his action, for and on behalf of the city, in making said contract, is sufficient to release him from liability, as well as the defendant, Pope, and to fix the liability for damages on the city. R. S. 1899, secs. 5860, 5861. (3) As a rule, public officers are not responsible on contracts made by them in their official capacity, or for error in judgment when honestly exercised. Tutt v. Hobbs, 17 Mo. 486; Reed v. Conway, 20 Mo. 22; Shoettgen v. Wilson, 48 Mo. 253; McCutchen v. Windsor, 55 Mo. 149; Humphrey v. Jones, 71 Mo. 62; St. Joseph v. McCabe, 58 Mo. App. 542; Cook v. Hetcht, 64 Mo. App. 273; Williams v. Elliott, 76 Mo. App. 8; Klosterman v. Loos, 58 Mo. 290.

*Silver & Brown* for respondent.

(1) The excavation of Monroe street and the reduction of its grade not having been done under an ordinance of the city, but merely under a resolution of the council, the defendants were trespassers on the street and wrongdoers, and are personally liable to plaintiff in this action for the injuries complained of by him. Reed v. Peck, 165 Mo. 333; Rives v. Columbia, 80 Mo. App. 173; Clay v. Beard, 85 Mo. App. 237; Clay v. Mexico, 92 Mo. App. 611; Dries v. St. Joseph, 98 Mo. App. 611. (2) "If a person sustains special damage peculiar to himself from the obstruction of a highway, whether it be to his person or his property, he may maintain an action therefor. Thus obstructing and cutting off the access to a person's place of busi-

ness is a special injury for which he may recover dam-
ages in an action at law." Elliott on Roads and Streets,
pp. 500-1.    (3)   The defendants were also liable for
the injuries sustained by the blasting of the rock done
in the performance of the work on Monroe street.    The
vibration and concussion caused by the explosions oc-
casioned permanent injury to plaintiff's dwelling house,
for which the defendants are liable.    Hoffman v. Walsh,
117 Mo. App. 278; Cooley on Torts (2 Ed.); Scott v.
Bay, 3 Md. 431; Colton v. Onderdonk, 69 Cal. 155;
Casey v. Bridge Co., 114 Mo. App. 47.    (4)   The ad-
missions in answer of defendant Wallau, and the evi-
dence as to his participation in the work on Monroe
street were amply sufficient to submit to the jury the
question of his being a joint wrongdoer.    Reed v. Peck,
165 Mo. 333.    (5)   The court properly instructed the
jurors on the matter of damages to plaintiffs premises
caused by the reduction of the grade of Monroe street at
its intersection with the alley.    McMillan v. Columbia,
122 Mo. App. 35; Trust Co. v. Bambrick, 149 Mo. 560;
Damman v. St. Louis, 152 Mo. 186.    Stickford v. St.
Louis, 75 Mo. 309; Clay v. Mexico, 92 Mo. App. 611;
Copeland v. Railroad, 175 Mo. 678.

JOHNSON, J.—This is a suit to recover damages
resulting to plaintiff from the excavation of a public
street to bring it to the established grade.    Defendant
Pope was the contractor who did the work and defend-
ant Wallau was the mayor of the city and signed the
contract in that capacity but is sued as an individual.
Verdict and judgment were for plaintiff and against
both defendants in the sum of $575.

Facts necessary to be considered thus may be
stated:  Plaintiff owned and occupied as a residence a
lot in the city of Jefferson, a city of the third class.  His
house contained four rooms, was built of brick and

faced south on an alley which ran east and west. The lot was 45 by 75 feet, abutted on the alley and had no other outlet. Its east line ran parallel to the west line of Monroe street, thirty-seven feet distant therefrom. The block which the alley bisected was bounded on the east by Monroe street and on the west by Madison street, both public thoroughfares. The alley was too narrow for wagons and similar vehicles to turn around in it and the only practical method drivers of such conveyances could follow in using it was to enter from one end and drive out at the other without attempting to turn. Before the excavation of Monroe street, this method was followed and the property of plaintiff was accessible to vehicles. The grade of Monroe street was established by ordinance passed in 1903. May 7, 1906, the city council passed a resolution instructing the city engineer "to ask contractors to submit bids for using the stone out of Monroe street between Elm and Dunklin." May 17th, a resolution was adopted to accept the bid of defendant Pope and the mayor was authorized to enter into a contract with him which was done on May 25th. The parties admitted at the trial "that no ordinance was passed authorizing the opening of Monroe street or grading the same from Elm to Dunklin before the 26th day of November, 1906. It is also admitted by both parties that the work done prior to that time was done by Mr. Pope under a contract with the city made and entered into under the provisions of the resolution that was passed in May, 1906."

The evidence of plaintiff shows that without authority other than that afforded by the resolution, defendant Pope, under the personal supervision of defendant Wallau, excavated the street to a depth of about thirty feet below its natural surface and thereby entirely cut off access therefrom to the alley. As a result, vehicles being unable to turn around in the alley

Faust v. Pope.

could not use it at all.    Further, it appears that in excavating, a large mass of rock was removed, that defendant Pope resorted to blasting to aid in that work and that plaintiff's house was greatly damaged by the concussions and vibrations produced by the explosions of powder and dynamite and by falling stones.    The evidence introduced by defendants is to the effect that the means of ingress and egress to and from plaintiff's property were not substantially affected by the closing of the east end of the alley and that the blasting was done so carefully that it did no damage to the house.

Two of the instructions given at the request of plaintiff are as follows:    "The jurors are instructed that if they find and believe from the evidence before them in this case that plaintiff is now and was during the year 1906 the owner of the house and premises referred to in the evidence, and that said premises are, a part of Inlot No. 822 of the city of Jefferson, Missouri, and that the defendants, without an ordinance of said city authorizing them so to do, entered (as claimed by plaintiff) upon that part of Monroe street in said city lying at the intersection of said street with the alley (referred to in the evidence) on which plaintiff's said premises abut or front, and did excavate and remove the rock and earth (or cause the same to be done) in said Monroe street at and along the place of its intersection with said alley and did thereby, prior to November 26, 1906, so reduce the natural grade or surface grade of Monroe street at the place of said intersection with said alley as to deprive plaintiff of access from said Monroe street by means of said alley to his house and premises situated thereon, and did thereby lessen and decrease the value of plaintiff's said property and premises; then the jury will find the issues for the plaintiff and assess plaintiff's damages on this feature of the case such sum as constitutes the difference between the value of his said property and premises just before the work of

said reduction and change of surface grade of Monroe street was begun and its value after said work was done, less the value of any special or peculiar benefits directly resulting to the plaintiff's said premises from the change of grade (at the intersection of Monroe street and the alley referred to in the evidence) complained of by plaintiff in this action.

"The court further instructs the jurors that if they find and believe from the evidence that defendants in the work of excavating the rock and earth on Monroe street, referred to in the evidence, did use dynamite or other explosives for the purpose of blasting and rending the rock in said street where they were so at work, and did thereby cause loose rock and other material to fall on plaintiff's house and premises, situated in said Lot 822 of the city of Jefferson, thereby injuring said house and did also by said use of explosives in blasting, cause such shaking and vibration of the earth and concussion in and around plaintiff's said house and premises as to unsettle said house and cause its walls to sever and crack, thereby injuring and impairing the value of said house, then the jury will also, in their verdict, allow plaintiff such reasonable sum as will fairly compensate him for the injuries so done to his house; and in arriving at said sum the jury will take into consideration the condition and value of said house immediately before the injuries thereto caused by said blasting (if such was the case), and its condition and value immediately after said blasting was done."

In other instructions, the jury were told not to allow damages for injuries resulting from work done after November 26, 1906, the date of the approval of the ordinance for the grading of Monroe street, and further were told, in effect, that any work done on the street before that ordinance was passed and pursuant only to the resolution was illegal and that defendants and not the city were liable to answer for its injurious

consequences to plaintiff's property.    In the instructions asked by defendants (all of which were refused) the theory expressed is that the resolution protected defendants against personal liability; that defendant Wallau should be dismissed on the ground that his acts were official and representative merely and that defendant Pope should not be held to respond in damages "unless he performed the work in such an unskillful, negligent, reckless or unworkmanlike manner as to damage plaintiff's house and premises by the blasting done in Monroe street."

We approve the holding of the learned trial judge that in the absence of an ordinance authorizing the work, the defendant contractor had no right to bring the street to the established grade.    The ordinance establishing the grade gave him no such authority, nor did he acquire it from the resolution adopted by the city council nor from the contract executed by the mayor.    He was a mere trespasser and in aiding and encouraging the contractor to do the work, defendant Mayor likewise was a trespasser.    Directly to the point is what was said by the Supreme Court in the following quotation from the opinion in Reed v. Peck, 163 Mo. 333: "The grading in front of plaintiff's residence was unquestionably done without lawful authority, was a trespass; there was no ordinance providing for such grading.    And while the work was actively performed by the street commissioner, there was, it seems, evidence tending to prove that Mayor Guitar and street committeemen Peck and Watson were present from time to time superintending and encouraging the work.    In McManus v. Lee, 43 Mo. 206, Judge WAGNER, speaking for the court, says:    'That any person who is present at the commission of a trespass, encouraging or exciting the same by words, gestures, etc.,    .  .  .    or who in any way or by any means countenances or approves the same, is in law deemed to be an aider and abettor,

and liable as a principal; and proof that a person is present at the commission of a trespass, without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same." [Rives v. Columbia, 80 Mo. App. 173; Clay v. Board, 85 Mo. App. 237; Clay v. City of Mexico, 92 Mo. App. 611; Dries v. St. Joseph, 98 Mo. App. 611.]

The passage, after the work was done and the damage inflicted, of an ordinance authorizing the grading of the street could not serve to make lawful that which was unlawful when done—to legitimize and purge of turpitude the wrongful aggression of trespassers. Defendants should be held liable as joint tortfeasors for all damages suffered by plaintiff in consequence of being deprived by their acts of the enjoyment of his right of ingress and egress to and from the street and for the damages wrought to his premises by the blasting. In answer to the suggestion that since plaintiff's lot does not abut Monroe street, his right to the use of that thoroughfare is only that of a member of the public at large and in no sense is special, we refer to our opinion in Dries v. St. Joseph, 98 Mo. App. 611, where we said:

"But the alley in each block is a complete entity unto itself, and it is immaterial to the owners of property in one block whether there is an alley in the next or any other block or not, and likewise immaterial to the general public whether there are any alleys or not. It seems to us that it is plain that abutting property owners on an alley have property rights in the entire alley not shared by the general public. If the city had a right to obstruct one end of the alley in question, it had the right to obstruct both ends, and thus prevent any use whatever of the same by the plaintiff. The

very statement of the proposition is sufficient to con-
demn it."

As far as the right of plaintiff to receive compen-
sation for the damages he sustained from the blasting
is concerned, it is immaterial whether defendant Pope
exercised great or little care to avoid injuring adjoin-
ing property.   If he exploded blasts which caused the
surrounding earth to vibrate to an extent to crack and
shatter the walls of plaintiff's house and which pro-
jected stones against it, he was guilty of an actionable
trespass, regardless of the question of the degree of care
employed.   Recently we considered this subject in Hoff-
man v. Walsh, 117 Mo. App. 278, and in Knight v.
Donnelly, 131 Mo. App. 152, and refer to the opin-
ions in these cases for a full expression of our views.
It follows from what we have said that the theory of
defendant's instructions cannot be adopted; and we must
hold they were properly refused.

We find the instructions given at the instance of
plaintiff to be free from objection except in one par-
ticular.   In the first, the rule given for measuring the
damages resulting from the injury to plaintiff's ease-
ment is to "assess plaintiff's damages on this feature
in such sum as constitutes the difference between the
value of his said property and premises just before the
work of said reduction and change of surface grade of
Monroe street was begun and its value after said work
was done," etc.   In the second, the jury are instructed
to add to their estimate of damages, under the rule
just stated "such reasonable sum as will fairly compen-
sate him for the injuries so done to his house (from
blasting) and in arriving at said sum the jury will take
into consideration the condition and value of said house
immediately before the injuries thereto caused by said
blasting (if such was the case), and its condition and
value immediately after said blasting was done." We
think the defendants are right in saying that thus in-

structed, the jury easily might have fallen into the error of awarding double damages to plaintiff. We agree with the view expressed by counsel for plaintiff that "the wrongful and unlawful acts of defendants injured plaintiff's property in two ways: (1) By depriving him of access thereto through the alley from Monroe street, (2) by injury to the walls and other parts of his dwelling by the use of explosives. Plaintiff is entitled to recover damages for both species of injuries. There was really but one cause of action, viz: The reduction of the grade of Monroe street by the use of explosives. The same act or acts caused all the injuries and plaintiff is entitled to recover for them all, although they may be of different forms or character." It is true, plaintiff has but one cause of action, and likewise it is true that there is but one rule by which his damages are to be measured, viz., the difference between the market value of his property immediately before and its market value immediately after the injury. This rule is comprehensive enough to include damages inflicted by the blasting as well as those caused by the injury to the easement, and is the only rule the instructions should have given the jury. . [Albers v. Merchants Exchange, 138 Mo. 140; St. Louis Trust Co. v. Bambrick, 149 Mo. 560; Matthews v. Railroad, 142 Mo. 645; Bungenstock v. Drainage District, 163 Mo. 198; Robinson v. St. Joseph, 97 Mo. App. 503; McMillen v. Columbia, 122 Mo. App. 34.]

We regard the error as prejudicial and accordingly the judgment is reversed and the cause remanded. All concur.