T. M. FOWLER, Appellant, v. CITY OF NELSON, MISSOURI, HOWARD A. SMITH and DANIEL FINLEY, Respondents.

In the Kansas City Court of Appeals, January 8, 1923.

1. **EASEMENTS: Ingress and Egress: Right of Easement of Access to Property Does not Extend from Any Particular Location.** Where plaintiff, the owner of two business buildings on a main street, had complete access to his buildings from the street and also maintained between the buildings and over the sidewalk a driveway so that his customers and others could use a hitching rack erected by plaintiff and located to the rear of one of the buildings and access could be had to the rear of plaintiff's property by the use of an alley through which the hitching rack and his stores were accessible, *held* his easement of access and right of ingress and egress from the street to his property was not denied by restrictions on use of the driveway, as he had no right of easement of access at any particular location.

2. **APPEAL AND ERROR: While Judgment of Trial Court not Binding upon Appellate Court, it is Entitled to Weight and Will be Upheld in the Absence of Error in the Record.** While the judgment of trial court in injunction suit is not binding upon appellate court, such judgment is entitled to much weight and will be upheld by appellate court in the absence of a positive showing in the record.

Appeal from the Circuit Court of Saline County.—*Hon. Samuel Davis,* Judge.

Affirmed.

*Harvey & Bellamy* and *Lamm, Bohling & Lamm* for appellant.

*W. H. Meschede* and *Albert R. James* for respondent.

ARNOLD, J.—This is an appeal from a judgment of the circuit court of Saline County, Missouri, dissolving a temporary injunction issued May 4, 1920, against the City of Nelson, Howard A. Smith, as mayor, and Daniel Finley city marshal, respectively, of said city, enjoining said defendants, or any of them, from interfering in any manner whatsoever with plaintiff, or with any other persons, in going and driving to certain lots owned by plaintiff in said city, by way of Main street; and from interfering in any manner with plaintiff in constructing a driveway from the roadway portion of Main street to one of plaintiff's lots; and that defendants be compelled to remove immediately a section of the curbing which abuts on plaintiff's property.

From the record the following facts are learned: Plaintiff is the owner of two lots numbered 5 and 6, in block 7, on the east side of Main street in the City of Nelson, Saline County, Mo., in a block where practically all the business houses in the town are located, said business buildings being on both sides of the street within this block, flush with the property line. The street, about eighty feet in width, is graded, curbed and guttered on both sides, leaving a roadway fifty feet in width, exclusive of the sidewalks, curbing and guttering, thus leaving a space of fifteen feet between the curbing and the property line. Along both sides of the street, next to the property line is a sidewalk which in front of plaintiff's property is flush with said property line. The curbing is eight inches above the gutter which is three

feet wide, the curbing and guttering being constructed together of concrete.

Main street runs north and south and the lots of plaintiff are on the east side thereof, in the middle of the block. On lot 5, the south lot belonging to plaintiff, is a business building in which plaintiff conducts a general merchandise business and the west line of said building is flush with the east line of the sidewalk in front thereof. About twelve feet north of this building and on Lot 6, is a building used as a barber shop which is not as deep as the other building, thus leaving a space in the rear thereof unoccupied by any building. This building also is flush with the sidewalk along its front. Between these two buildings is a passageway twelve feet in width through which plaintiff does hauling to a door at the northeast corner of the building used by plaintiff for merchandising. This passage is used as an alleyway through which plaintiff permits many people to drive to the rear of his premises and upon the unoccupied portion thereof plaintiff has erected a hitching rack for the use of his customers and others. This driveway has been thus used for a period of six years.

In order to drive from Main street into or from this passageway it is necessary to drive across the curbing and sidewalk erected in front of plaintiff's lots and also across the parkway between the curbing and the sidewalk. The surface of the sidewalk in twenty-eight inches above the street grade. The street in front of plaintiff's property is used for vehicle traffic as well as for parking in the center thereof, and when vehicles are so parked, the northward line of traffic is exclusively on the east side and the south traffic on the west side of said street. The distance between the curbing and the parked cars is approximately twelve to fifteen feet.

The location of the post office is south of plaintiff's Lot 5, and adjacent thereto, and the sidewalk in front of plaintiff's property is much used by persons passing to and from the post office, and it is charged by defendants that the use of the passageway for horse and ve-

hicle traffic is dangerous to the people thus using the walk. There is a graded alley immediately in the rear of plaintiff's property which the evidence tends to show is in an indifferent state of repair, and access may be had to the rear of plaintiff's property by use of alleys from the north and south side of the block in which said property is located. For this reason defendants urge that plaintiff is not damaged by reason of the refusal to allow traffic through the said driveway between the buildings.

The petition charges facts practically as set forth above and states that plaintiff is damaged in being denied entrance to his passageway which had been used, as indicated, for six years, because he is deprived of the use of the alley for himself in the delivery of heavy and bulky articles to his back door and that his trade is damaged by reason of the inaccessibleness of the hitching rack for his customers. The petition further alleges that in addition to the general rights of the public in said Main street, plaintiff has a special right of ingress and egress from said street to his property. The prayer is for affirmative relief by injunction.

The answer is a general denial. The cause went to trial December 2, 1920, to the court without the aid of a jury, the evidence was heard and the cause taken under advisement. On February 1, 1921, the court found the issues in favor of defendants and judgment for costs and dissolution of the temporary injunction was entered accordingly. A motion for a new trial was overruled and plaintiff appeals.

Points 1 to 5 inclusive of appellant's brief are directed to plaintiff's right to the so-called "easement of access" presented from various angles, and they may be considered together. First, we are told that in addition to the general rights of the public in said Main street, plaintiff has a special right of ingress and egress to his property. Our attention is called to numerous cases in support of this plain and just proposition of law. It must be conceded that his use of Main street in

front of his building is his legal right and it is not claimed that he had not this right. The testimony shows that he unloads much of his incoming stock on the sidewalk in front of his store, and that he delivers only the heavier packages in the rear. Furthermore, it is shown that access to his property is not completely shut off, so that the question before us is whether or not he has this right of easement of access from any location he may choose to ask it.

The testimony tends to show that while plaintiff used the passageway in question for the delivery to his building of a fractional part of his incoming merchandise, it was used by his customers and others continuously. Further it appears that access to his hitching rack was not entirely cut off because of the alley above mentioned, the use of which, though not so convenient as the passageway, did furnish access. With these facts so prominently presented by the testimony, we cannot hold that plaintiff was denied access to his property. The ''easement of access'' rule may not be held to apply with great force in this case.

It is insisted that the fact that plaintiff had another outlet to his property through the use of the alley in the rear is not a proper defense in this case. Again, under this general heading, plaintiff insists that he, as an abutting owner, has the right to construct a reasonably safe driveway, or other suitable approach. in front of his premises from his lot to the traveled part of the highway, as long as such passage does not interfere with the reasonable use of the highway by the public; and that defendants, or none of them, can refuse plaintiff the right of ingress to and from his property on the ground that some persons who have heretofore used said driveway have used it in a dangerous manner.

There was testimony in behalf of defendants to the effect that some parties had driven in and out of the passageway in such a reckless manner as to threaten injury to persons upon the sidewalk. We can readily believe that if plaintiff had been completely shut off from

the use of his property the above enunciations of the rule would apply. But that is not this case. It must be borne in mind that plaintiff was not denied access to his property but instead had access through the legally constituted alley.

Plaintiff cites many cases in support of this theory of his case, all of which we have examined. They all announce the rule that a property owner cannot be denied access to his property from an abutting street; that he is entitled to have the street free and unobstructed for his use and that of the public; but plaintiff does not claim, nor do the facts in evidence show, that the street is in any way obstructed, nor that he does not have free use thereof. It was held in Bailey v. Culver, 12 Mo. App. 175, l. c. 184;

"The owner of a lot abutting on a public street or alley has a vested right in the easement, coextensive with his boundary line, as a means of egress into the outer world, from any part of his lot contiguous therewith. . . . But, beyond the limits of contiguity with his lot, his rights in the easement are only those of a member of the public at large."

In Dries v. St. Joseph, 98 Mo. App. 611, l. c. 614, it is said the trial court, in following the ruling in the case of Bailey v. Culver, supra, was right in sustaining the demurrer to plaintiff's case, but that the rule announced in the Bailey case was not well founded and had since been overruled by the decisions of the Supreme Court, adding:

"An abutting property owner on a street in a city has equal right with the public to use the street, and, in addition thereto, he has certain rights which are special to himself, e. g., that of ingress and egress." Citing Ferrenbach v. Turner, 86 Mo. 416; Glaessner v. Brewing Ass'n, 100 Mo. 508.

In Corby v. Railroad, 150 Mo. 457, 52 S. W. 282, the court made a distinction between an alley and a street, saying the whole public was interested in the streets because they were contiguous and, as such, served a gen-

eral use, but that abutting property owners on an alley have property rights in the entire alley not shared by the general public, and an injunction was sustained at the instance of the property owner, restraining the defendant railroad corporation from constructing its track in an alley which would have tended to deprive the owner of access from the alley.

The testimony in the case at bar tends to show that plaintiff had complete access to his property from the alley in the rear thereof, and we may not say that by the action of the defendants, or any of them, he was deprived of ingress and egress to his property. Had the alley been closed by the act of defendants, we can readily see a different situation from the one now presented. We hold against plaintiff on this theory of the case.

Under point 6, of his brief, plaintiff urges that the right of access to one's property from the abutting street is a right which is owned by plaintiff and cannot be taken from him except in the manner provided by law. We do not understand that he charges that he has not access to his property from the street. He has such access to the same extent as the general public. Under the rules above announced, he has not the right of ingress and egress from any point he may desire so long as the alley in the rear remains open and for his use for that purpose.

Point 7 urges that injunction is the proper remedy herein. We think we may accept this statement as good law and it needs not be further discussed. The question as to whether there was a defect in parties defendant will not be discussed for the reason that our finding will be in defendant's favor on other points herein stated.

We have carefully read the record and while the judgment of the trial court is not binding on us, such judgment is entitled to much weight and will be upheld by us in the absence of a positive showing of error in the record. We fail to find any such error. The judgment is for the right party and is affirmed. All concur.